UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80882-CIV-COHN/SELTZER

MISTY BOWEN,

    Plaintiff,

vs.

TARGET CORPORATION,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on the Plaintiff's Motion for Partial Summary Judgment [DE 47]. The Court has carefully considered the motion and related filings, Defendant's Response [DE 99], and is otherwise fully advised in the premises. No reply was filed by the due date of September 24, 2010.[1]

### I. BACKGROUND

Plaintiff Misty Bowen ("Plaintiff") filed this action in Circuit Court in and for Palm Beach County, Florida against Defendant Target Corporation ("Defendant" or "Target"). Defendant removed this action to federal court on diversity grounds. Plaintiff alleges a single claim for negligence following her slip and fall at Defendant's retail location in Boynton Beach, Florida. Plaintiff alleges that a pink substance was allowed to remain on the floor, causing her to fall and injure herself.

After a period of discovery, Plaintiff moves for partial summary judgment as to

---

[1] The Court initially entered this Order on September 21, 2010 [DE 129]. Upon recognizing that a reply was not due until September 24, 2010, the Court vacated that Order [DE 131]. However, since no reply was filed by the deadline, the Order may now be re-entered.

Defendant's liability for her injuries.  In her Statement of Undisputed Facts, Plaintiff asserts that video surveillance supports her contention that a Target employee handed another customer, a parent of two children with drinks in their hands, a rag to "clean up a spill."  Two minutes later, Plaintiff falls "in the same exact area that the spill occurred."  Plaintiff also submits Target's spill clean up procedures [DE 47-3], Target Stores' Employee Handbook [DE 47-4] and a CD containing video footage of the spill and the incident [DE 49].  Plaintiff contends that Defendant's employees failed to properly follow their own procedures in cleaning up the spill.

Defendant disputes that the substance was "allowed" to remain on the floor, that Plaintiff fell in the same exact place as the prior spill, and whether an employee handed the guest a rag to clean up the spill.  Defendant contends that the video footage is unclear on these purported facts.

## II.  DISCUSSION

### A.  Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production

shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

### B.  Negligence Action

The sole issue raised in the present motion is whether Target's alleged failure to follow their own policies in dealing with the spill results in a finding of a breach of the duty of care to Plaintiff and a finding of liability. Plaintiff cites to Florida law as follows:

> The duty of premises owners to maintain their premises in a safe condition is not exclusively limited to detecting dangerous conditions on the premises after they occur and then correcting them; the duty to exercise reasonable care may extend to taking actions to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises. Of course, the duty of care may vary with the circumstances.

Markowitz v. Helen Homes of Kendall Corp., 826 So.2d 256, 259 (Fla. 2002).

Plaintiff argues that the Court can find as a matter of law that "Defendant failed to exercise reasonable care because the employee that had actual knowledge of the spill failed to follow Target's procedures to ensure that the spill was cleaned up." Motion at p. 5.  Plaintiff asserts that the decision in Izquierdo v. Gyroscope, Inc., 946 So. 2d 115, 118-119 (Fla. Dist. Ct. App. 2007), wherein the appellate court reversed judgment after a jury found no negligence by defendant, should result in this Court's finding negligence as a matter of law in this case.

Defendant asserts that the motion should be denied because whether negligence occurred is a question of fact for the jury, and because Florida courts have rejected the legal argument that violations of internal policies equate to negligence.  In Mayo v. Publix Super Markets, Inc., 686 So. 2d 801, 802 (Fla. Dist. Ct. App. 1997), the court stated that "a party's own internal rule does not itself fix the legal standard of care in a negligence action, and that the party is entitled to appropriate jury instructions to that effect."[2]

The Court concludes that under Florida law Plaintiff is not entitled to partial summary judgment as to liability.  A violation of internal policies does not automatically result in a finding of breach of a duty of care.  While the video footage of the spill, clean up and fall supports Plaintiff's description of the facts, in that Defendant knew of the

---

[2] The Court does not rely upon Defendant's citation to Pollock v. Fla. Dept. of Highway Patrol, 882 So. 2d 928, 936 (Fla. 2004), because that case involves a government defendant's internal operating procedures and policies where the existence of a duty was at issue.  There is no dispute that Defendant Target owes a duty of reasonable care to Plaintiff.

4

spill, did not mark its spot on the floor, and Plaintiff slipped where the spill occurred, the legal conclusion as to whether Defendant's actions were negligent in attempting to clean up the spill still requires resolution of disputed questions of fact for a jury, particularly the reasonableness of the parties' actions.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that  Plaintiff's Motion for Partial Summary Judgment [DE 47] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of September, 2010.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record on CM/ECF